WESTERN & SOUTHERN LIFE INS. CO. *v.* ROSENBLUM.

MORTGAGES—MORATORIUM RELIEF—DEFICIENCY—FORECLOSURE BY AD VERTISEMENT.

> Defendants, mortgagor and indorser of note it secured, who failed to ask for relief before expiration of period of redemption in accordance with terms of mortgage moratorium act prohibiting entry of deficiency judgment or decree in proceedings to foreclose mortgage by advertisement *held*, not entitled to raise such statutory defense as to deficiency in action of assumpsit for difference between amount claimed to be due under the mortgage and amount bid for the property (Act No. 98, § 3, Pub. Acts 1933, as amended by Act No. 3, § 3, Pub. Acts 1935).

Appeal from Genesee; Black (Edward D.), J. Submitted April 14, 1936. (Docket No. 87, Calendar No. 38,899.) Decided November 9, 1936.

Assumpsit by Western & Southern Life Insurance Company against Maurice Rosenblum and Kobacker Investment Corporation, a Michigan corporation, for deficiency on mortgage foreclosure by advertisement. From dismissal of case, plaintiff appeals. Reversed.

*Bodman, Longley, Bogle, Middleton & Farley,* for plaintiff.

*Charles D. Beagle* and *Guy W. Selby,* for defendants.

SHARPE, J. On June 6, 1931, the Citizens Commercial & Savings Bank of Flint, Michigan, loaned $250,000 to defendant Kobacker Investment Corpo-

ration upon a promissory note, indorsed by defendant Maurice Rosenblum and secured by a real estate mortgage on what is known as the Kobacker Building in the city of Flint. The note and mortgage were later assigned to plaintiff corporation. Upon default in the payments of said note and mortgage, foreclosure by advertisement was commenced and the property sold on April 30, 1935, for the sum of $245,000, which was about $27,000 less than the amount claimed to be due at the time of the sale. Subsequent to this sale, plaintiff began the present action to collect the difference between the amount claimed to be due on the mortgage and the amount bid for the property. The defendants filed a motion to dismiss upon the theory that Act No. 3, Pub. Acts 1935,* prohibits a deficiency judgment in foreclosure proceedings originated by advertisement.

The trial court dismissed plaintiff's action. Plaintiff contends that Act No. 3, § 3, Pub. Acts 1935, does not bar an action at law upon a note which was secured by a mortgage; and that, if so, then the law itself is unconstitutional in that it contravenes Const. 1908, art. 2, §§ 9, 13, 16 and the United States Constitution article 2, § 10 and the 14th amendment, § 1.

The act upon which defendants rely as a bar to this proceeding became effective February 26, 1935. It provides that whenever any mortgage is being foreclosed by advertisement and the equity of redemption has not expired, the mortgagor may file a bill in chancery for the purpose of bringing the foreclosure proceedings under the terms of the act. In the case at bar the property was sold on April 30, 1935, for an amount of approximately $27,000 less than the amount due at the time of the sale. As the

---

* Amending Act No. 98, § 3, Pub. Acts 1933.—REPORTER.

record fails to show that the defendants filed any bill in chancery seeking relief in accordance with the terms of Act No. 3, Pub. Acts 1935, we do not find it necessary to construe the provisions of this act. Such failure precludes defendants from invoking the act as a defense in this cause.

The judgment of the lower court is reversed, plaintiffs may recover costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL and TOY, JJ., concurred. POTTER, J., took no part in this decision.